**Ronald NICHOL and Lorraine Ashton, Plaintiffs-Appellants,**

v.

**Charles BAIR, Ron Grise, George DeTullio, Lloyd Mirelez, Ralph Villano, Helen Wall, Marie Lawson, Fred Padilla, Mary Padilla, Ella Jamison and Frank Seeburger, Defendants-Appellees.**

No. 80CA0651.

Colorado Court of Appeals, Div. II.

March 26, 1981.

Brian T. McCauley, Westminster, for plaintiffs-appellants.

Richard M. Borchers, P. C., Richard M. Borchers, Chris Melonakis, Westminster, for defendants-appellees.

KELLY, Judge.

Plaintiffs appeal the dismissal of their complaint and the dissolution of a temporary restraining order. Plaintiffs argue that the trial court erred in finding that it lacks jurisdiction over the subject matter. We affirm.

Plaintiffs were removed from their positions of Captain and Co-captain of a captaincy district within the Democratic Party of Adams County. They sued defendants, officials of the Democratic Party of Adams County, for a temporary restraining order pending their appeal to the state central committee of the Democratic Party. Plaintiffs claimed that the Party's procedural rules had not been followed and that they would suffer irreparable harm if a temporary restraining order was not issued.

The statute in effect at the time of this dispute, § 1–14–109(1), C.R.S.1973,[1] provided:

> "The state central committee of any political party in this state has full power to pass upon and determine all controversies concerning the regularity of the organization of that party . . . All such determinations upon the part of the state central committee shall be final."

Thus, the courts have no jurisdiction to hear this dispute.

> "That the state central committee of a political party, or the state convention, as the case may be, is now the sole tribunal to determine such controversies as is here presented is, to our mind, clear beyond all doubt, and, as a necessary sequence, the courts do not have concurrent jurisdiction in the premises." *People ex rel. Lowry v. District Court*, 32 Colo. 15, 20, 74 P. 896, 898 (1903).

Plaintiffs' other contentions are without merit.

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.

---

1. This section has been repealed and re-enacted as § 1–3–106, C.R.S.1973 (1980 Repl.Vol. 1B), effective January 1, 1981.